## Webster *et al. v.* Tiernan *et al.*

If the plaintiff obtain leave, and amend his declaration after plea in abatement filed, it amounts to a confession of the plea and disposes of it.

If the defendant plead to the action after having filed a dilatory plea, it will be a waiver of such dilatory plea.

A plea of payment without a bill of items is a good plea, and it is error to take a verdict on general issue, without answering the plea of payment.

IN error from the circuit court for the county of Warren.

The plaintiffs, (the defendants here,) declared upon a note against the defendants below, for the sum of five thousand seven hundred and four dollars and twelve cents, in assumpsit. Process was executed, and the defendants appeared and pleaded in abatement, a variance between the endorsement of the cause of action on the writ, and the sum set out in the declaration. The plaintiffs amended. The defendants then pleaded *non-assumpsit* and the following plea of payment:

"And the said defendants come and defend the wrong and injury, when, &c. and for further plea in this behalf say, the plaintiffs ought not to have or maintain their aforesaid action thereof against them, because they say, that before the commencement of this suit, to wit: at the county of Warren aforesaid, they well and truly paid to the said plaintiffs, the said several sums of money in their said declaration mentioned, and this they are ready to verify. Wherefore they pray judgment, &c."

To this plea there was no replication or issue; a trial was had by a jury on the issue, and verdict for plaintiffs, for the sum of seven thousand and fifty one dollars and fifty five cents.

A motion for a new trial was entered, and overruled by the court, but no exception taken.

Upon error it is assigned:

1. The damages assessed by the jury are excessive. The true amount then due was six thousand five hundred and eighty-five dollars and fifty-two cents, and not seven thousand and fifty-one dollars and fifty-five cents.

2. The court erred in proceeding to try the said case on its merits, without having made some order disposing of the plea in abatement.

3. The court erred in not compelling the plaintiffs below, to demur or reply to the plea in abatement.

4. The plea of payment was not replied to.   It therefore stood confessed, and was a bar to a recovery by plaintiffs below.   The court erred in giving judgment for plaintiffs upon the pleadings.

5. The court erred in refusing to grant a new trial as asked for.

Webster & Smith for plaintiffs in error.

Hughes, *contra.*

1. The damages assessed by the jury were excessive.   How this is the court cannot say.   There is no bill of exceptions setting forth the evidence upon which the verdict was rendered.

2 and 3. The plea in abatement was disposed of by the amendment after plea filed.   But if this did not appear upon the record, the declaration and endorsement of the cause of action on the writ are alike, and the court can see that the plea ought to have been disregarded.   Again, the pleas in bar, subsequently filed, were a waiver of the plea in abatement.

4. The judgment in the court below was right upon the finding of the jury, notwithstanding the plea of payment was not replied to, and the judgment should not be reversed, for several obvious reasons.

As will be seen by an examination of the plea, it was a plea of payment of the money mentioned in the declaration before suit. This plea is, in substance, the general issue; it is a special plea, and amounts by itself to the general issue.   A payment of the whole debt sued on, may be given in evidence under the general issue.   See 1 Chitty's Plead. 417.

Under this plea as it stood, nothing could be given in evidence, for the rule is laid down in the statute, that where a defendant shall desire to make any payment or set-off, he shall file with his plea an account, stating, &c., and in failure to do so, he shall not be allowed to prove, &c.   See Rev. Code, sec. 61, 118.

With the plea no account was filed; of course nothing could be

given in evidence under the plea.    What good could result from a reply?    The issue upon the replication would be merely formal; no finding of the jury could be upon it.    The principle is the same with that decided in the case of Gridley *v.* Biggs, La Coste, & Co. 2 Howard, 830.    In that case the court decided that it was not error to take a judgment by default in *assumpsit,* upon a declaration having a special count and the money counts, without a discontinuance as to the money counts, because with the money counts no account was filed, and no proof could be given under such count without such account, and Judge Sharkey amongst others, gave a very satisfactory reason for his opinion, which was that "error must be some violation of law, which might prove injurious to a party, against whom it could operate."    So in the case under consideration.    How is the error alleged to have intervened to the injury of the plaintiff in error?    Has he lost, or is he likely to lose, or could he in any manner be injured?    It is answered that he could not.    He could not even give in evidence under the plea the fact which he averred, because there was no account filed with the plea, and if it were true that he had paid before suit brought, this could have been proven under the general issue, which was filed.

5. The court did not err in refusing a new trial; or, if it did, this court does not know it, there being no bill of exceptions.

Mr. Justice TROTTER delivered the opinion of the court.

There are several errors assigned.

1. It is insisted that the damages are excessive, and a calculation is furnished, to show the amount of the excess.    This was properly a ground for an application to the court below to set aside the verdict.    There is nothing in the record, however, which shows that this was done, and we cannot, therefore, notice it. There is no evidence before us, upon which we can act.    We are not informed upon what evidence the jury found their verdict. There is no bill of exceptions, setting forth the grounds of the motion to set aside the verdict.

2. It is said the court below erred in proceeding to try the cause on its merits, without having made some disposition of the plea in abatement.    To this no other answer is deemed necessary, than

[Webster *et al. v.* Tiernan *et al.*]

that the plea stood disposed of by the license which was asked for and obtained, to amend the writ and declaration. This was equivalent to a confession of the plea, and having performed its office, it required no further notice. The pleas to the merits of the action which were subsequently filed by the defendants below, amounted however, of themselves, to a waiver of the dilatory plea, and were therefore no further available.

3. The third assignment of error is disposed of in the remarks just made upon the second.

4. It is insisted that the plea of payment not having been replied to, or otherwise answered, stood confessed, and is, therefore, a bar to the recovery which was had. It is said by the defendants in error, in answer to this objection, that the plea as filed amounts in terms to the general issue, and is subject to be treated as a nullity. It is a well settled practice in the courts now to reject as frivolous a plea of this character, when the general issue has been also pleaded. But it has likewise been decided, that the plea of payment is not subject to this objection. It could not, therefore, have been struck from the record by the court below. It is true that the statute of this state provides, that when a defendant wishes to avail himself of any payment, he must plead it specially and accompany his plea by a bill of items. Yet it has been held that a general plea is good, and it will be presumed that the payment was in money. The plea is not, therefore, necessarily bad; because the defendant has failed to file a list of off-sets, or payments, and it will depend upon the nature of the proof offered in support of it, whether it is to be considered available to the defendant. The plea in this case is good, therefore, either at common law, or under the statute. If so, it presented a good and complete bar to the recovery below, and the defendants had a right to insist upon a judgment, notwithstanding the verdict. The cases of Prim *v.* Kittridge, Walker's Rep. 390; Moore *v.* Mickell, *ibid.* 232, are in accordance with these views. Hendricks *v.* Snodgrass, Walker's Rep. 87, is also directly in point.

The judgment of the court below must therefore be reversed, and the cause remanded for further proceedings.